UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 3:16-cr-155-HES-PDB

TINA RAYOS  ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

## O R D E R

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.[1]

☒ FACTORS CONSIDERED

Defendant Tina Rayos is a 49-year-old inmate incarcerated at Tallahassee FCI, serving a 120-month term of imprisonment for conspiracy to distribute methamphetamine. (Doc. 36, Judgment). According to the Bureau of Prisons (BOP), she is scheduled to be released from prison on June 25, 2024. Defendant seeks compassionate release because of the Covid-19 pandemic and

---

[1] Defendant appears to have satisfied § 3582(c)(1)(A)'s exhaustion requirement.

because she has high blood pressure, an elevated heart rate, elevated cholesterol, and obesity. (Doc. 43, Motion for Compassionate Release).[2] Defendant also seeks jail credit for time she spent in state custody from January 8, 2016 to November 6, 2016. The United States responded in opposition. (Doc. 45, Response).

A movant under § 3582(c)(1)(A) bears the burden of proving that a sentence reduction is warranted. United States v. Kannell, 834 F. App'x 566, 567 (11th Cir. 2021) (citing United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014)). The statute provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). The Eleventh Circuit Court of Appeals has instructed that U.S.S.G. § 1B1.13, including its definition of "extraordinary and compelling reasons," is the applicable policy statement for all motions filed under 18 U.S.C. § 3582(c)(1)(A), even those filed after the First Step Act. United States v. Bryant, 996 F.3d 1243, 1247–48 (11th Cir. 2021). "Because

---

[2] In her request for a reduction-in-sentence (RIS) to the warden, Defendant stated that she had "bad asthma growing up." (Doc. 45-1). However, Defendant does not cite asthma as a basis for compassionate release in her Motion.

the statute speaks permissively and says that the district court 'may' reduce a defendant's sentence after certain findings and considerations, the court's decision is a discretionary one." United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021). As the Third Circuit Court of Appeals has observed, Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Defendant has not demonstrated extraordinary and compelling reasons warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 & cmt. 1. There is no evidence that Defendant's conditions substantially diminish her ability to provide self-care in the prison environment. U.S.S.G. § 1B1.13, cmt. 1(A)(ii). Additionally, although Defendant has two conditions that, according to the Centers for Disease Control (CDC), can increase the risk of severe illness from Covid-19 (i.e., obesity and high blood pressure)[3], she has (wisely) accepted the Covid-19 vaccine. Defendant received her first dose of the Moderna Covid-19 vaccine on January 21, 2021 and her second dose on February 17, 2021. (Doc. 45-4). According to the available data, the Covid-19 vaccines are highly effective at preventing death or serious illness from Covid-

---

[3]   https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

19, including against emerging variants.[4] As the Seventh Circuit Court of Appeals observed:

> Section 3582(c)(1)(A) was enacted and amended before the SARS-CoV-2 pandemic, and it will continue to serve a beneficent function long after the pandemic ends. But for the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer relief far more effective than a judicial order. A prisoner who can show that he is unable to receive or benefit from a vaccine still may turn to this statute, but, for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an "extraordinary and compelling" reason for immediate release.

United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021). Thus, "prisoners who have access to a vaccine cannot use the risk of COVID-19 to obtain compassionate release." United States v. Ugbah, 4 F.4th 595, 597 (7th Cir. 2021); see also United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021) ("[A] defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction."). Because Defendant is fully vaccinated against Covid-19, the pandemic is not an appropriate basis for finding "extraordinary and compelling reasons."[5]

Moreover, the sentencing factors under § 3553(a) do not warrant a

---

[4] https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html.

[5] Defendant states that her friend, Jonika Treece, recently passed away from Covid-19. The Court expresses its condolences for the passing of Ms. Treece, but Defendant's Motion contains no details about Ms. Treece's circumstances, such as whether she was vaccinated against Covid-19.

4

sentence reduction at this time. Defendant was responsible for conspiring to distribute between 500 grams and 1.5 kilograms of methamphetamine, a lethal and highly addictive controlled substance. (Doc. 29, PSR ¶¶ 13, 18). She has a lengthy criminal history that includes multiple violations of probationary and supervisory sentences, suggesting she is likely to reoffend if released early from prison and placed on supervised release. See id. ¶¶ 32–57; see also Response at 9–12. Indeed, shortly after Defendant was taken into custody on related state charges in January 2016, she contacted a third party and asked her to retrieve a quantity of crystal meth that was hidden at a residence in Yulee, Florida. PSR ¶ 12. Defendant brazenly instructed the third party to sell the crystal meth and use the proceeds to bond her out of custody. Id. To date, Defendant has served approximately 70 months of her 120-month mandatory minimum prison term. In view of all the § 3553(a) factors, reducing Defendant's sentence is not warranted at this time.

Finally, Defendant moves the Court to grant her jail credit for time she spent in related state custody from January 8, 2016 to November 6, 2016. Under 18 U.S.C. § 3585(b), a defendant "shall be given credit toward the service of a term of imprisonment for any time [s]he has spent in official detention prior to the date the sentence commences … as a result of the offense for which the sentence was imposed … that has not been credited against another sentence." However, it is up to the Attorney General, not the courts,

5

to determine the amount of a defendant's jail-time credit. United States v. Wilson, 503 U.S. 329, 334–35 (1992). "The granting of credit for time served 'is in the first instance an administrative, not a judicial, function.'" United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000) (quoting United States v. Flanagan, 868 F.2d 1544, 1546 (11th Cir. 1989)). "A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies." Id. (citing Flanagan, 868 F.2d at 1546). And a § 2241 habeas petition must be filed in the district where the defendant is incarcerated, Hajduk v. United States, 764 F.2d 795, 796 (11th Cir. 1985), which in this case would be the Northern District of Florida.[6]

Accordingly, Defendant's Motion for Compassionate Release (Doc. 43) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 30th day of November, 2021.

HARVEY E. SCHLESINGER
United States District Judge

lc 19
Copies:
Counsel of record
Defendant

---

[6] Based on Defendant's projected release date of June 25, 2024 (about eight and a half years dating from Defendant's initial arrest on January 8, 2016), it appears the BOP has given her jail credit and that the BOP further assumes she will receive the full amount of good time credit.